### No. 2666.—C. E. GIRARDEY & CO. *v.* H. L. STONE.

An auctioneer who has property for sale can not recover commissions from the owner unless he has sold it, although the owner may have sold it at private sale before the day on which it was advertised for sale by the auctioneer. He is however entitled to recover from the owner in such a case, any expense which he may have incurred in advertising, making maps, etc.

APPEAL from the Fourth District Court, parish of Orleans. *Theard, J.* *Breaux & Fenner,* for plaintiffs and appellees. *R. & H. Marr,* for defendant and appellant.

LUDELING, C. J. H. L. Stone instructed Girardey & Co., auctioneers, to advertise certain property for sale, which they did. Before the day of sale Stone sold the property at private sale, and the plaintiffs sue to recover their commissions on the sale, and the expenses incurred by them in making the advertisement and having plots of the property made, etc.

The auctioneer is simply the agent of the owner, who has the right to withdraw his property from sale at any time before its completion. 13 La. 270. The reward of the auctioneer is a commission on sales made by him. R. Statutes p. 37, sec. 160. Auctioneers are not brokers, and the decisions relating to the latter can not be regarded as applicable to the former. But the cases in 3 An. 671, and 6 An. 26, are not applicable for another reason, to wit: nothing in this record shows that the auctioneers found the purchaser, and brought him and the seller together.

DeFerriet and Girardey testify in substance that when property is put in their hands for sale and they advertise it, that they have the exclusive control of its sale up to the day of sale; and that if it be sold before, they have a right to the commissions.

That is their opinion, which, however, does not fix the liabilities of any one.

Girardey & Co. v. Stone.

They have a right to make such terms with their patrons, but they must prove the contracts when made. The law does not authorize them in the absence of a contract to 'make a charge for commissions unless they effect a sale at public auction.

No custom has been proved in this case, and therefore no implied contract can be inferred.

The plaintiffs have incurred expenses in advertising the property and having maps of the lots made; for this they are entitled to be reimbursed.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of the plaintiffs against the defendant for the sum of one hundred and ninety-six dollars and fifty cents, with five per centum per annum interest from judicial demand and costs of the lower court; the costs of appeal to be paid by the appellee.