LARROUX v. LARROUX'S HEIRS ET AL.

(January 13, 1930.  Opinion and Decree.)

Emile Pomes, of New Orleans, attorney for plaintiff, appellee.

M. C. Scharff, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.  In this proceeding a judgment of partition was rendered ordering certain real property to be sold at public auction and Ben Matthews, a real estate agent in the city of New Orleans, was appointed as auctioneer for the purpose of selling the property described in the petition.  When the property was first adjudicated it was discovered that an error had been made in connection with a family meeting concerning the interest of certain minors in the property ordered sold and the sale under that adjudication did not take place.  The property was advertised a second time and again adjudicated, and it was again discovered that an error had been made, this time by the auctioneer, in connection with the advertisement of the property.  The property was put up a third time and, no irregularities appearing, the sale was consummated.  Matthews, the auctioneer with whom a deposit had been made by the purchaser, withheld an amount sufficient to cover his charges as fixed by statute on two of the three adjudications, the first and last, no commission being claimed on the other adjudication because he considered that the sale had failed of consummation because of his fault.  Whereupon plaintiff, proceeding by rule, alleged that but one commission was due, and asked that Matthews be compelled to return the excess as an improper charge.  The rule was made absolute, and Matthews was ordered to return to plaintiff in rule the sum of $357.50.  Matthews has appealed.

The question presented is whether or not

Matthews was entitled to charge a commission upon the first ·adjudication, there being no doubt and no dispute concerning his right to charge a commission on the last adjudication, which resulted in the sale of the property.

Act 58 of 1922, which amends and re-enacts section 160 of the Revised Statutes, as amended by Act 130 of 1914, fixes the compensation of auctioneers in judicial sales of real property on a sliding scale, and it is not contended that the charge made in this instance exceeded the amount authorized by that act, assuming the right in the auctioneer to charge two commissions. The act allows a commission "of two and one-half per centum (2½%) on the amount of each adjudication made by him; and on sales of succession property in which minors have an interest, property belonging to minors (or in which they have an interest) and on property surrendered by insolvents made pursuant to an order or decree of any court of the state, a commission on each adjudication," etc. It is contended that the words "each adjudication" as used in the act means each time the property is cried for sale and adjudicated to the highest bidder, whether a sale results or not. We do not believe this to have been the purpose of the Legislature, and are of opinion that but one commission is due, and that when an actual sale has been consummated. See Girardey vs. Stone, 24 La. Ann. 286, and State vs. Girardey, 34 La. Ann. 621.

For the reasons assigned the judgment appealed from is affirmed.